UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CAROLINA SANCHEZ, et al., ) | |
| ) | |
| Plaintiffs, ) | Case No. 2:05-cv-00158-RCJ-GWF |
| ) | |
| vs. ) | **ORDER AND FINDINGS & RECOMMENDATION** |
| ) | |
| M&H ENTERPRISES, et al., ) | |
| ) | |
| Defendants. ) | |

This matter is before the Court on Plaintiffs' Supplemental Motion for Sanctions Pursuant to Magistrate Judge Foley's Order of November 15, 2005, and for Sanctions for Spoliation of Evidence (#47), filed on May 23, 2006; Defendant CCSD's Opposition to Plaintiffs' Motion for Sanctions (#51), filed June 12, 2006; and Plaintiffs' Reply to Defendant's Opposition to Plaintiffs' Renewed Motion for Sanctions (#52), filed June 26, 2006. The Court conducted a hearing on this matter on July 17, 2006.

## BACKGROUND

On November 15, 2005, this Court granted Plaintiffs' Motion to Compel and For Sanctions (#21) and ordered that Defendant Clark County School District serve answers to interrogatories and responses to request for production of documents on Plaintiffs. *See Order* (#31), filed November 19, 2005. The Court also imposed $1,000.00 in sanctions on Defendant Clark County School District for its failure to provide discovery responses. On February 27, 2006, District Judge Robert Clive Jones affirmed this Court's order with the modification that certain documents be provided pursuant to a confidentiality protective order. *See Minutes of Proceedings* (#42). The Stipulation and Order of Confidentiality (#45) was filed on May 2, 2006.

1    Defendant did not pay the sanctions or provide full discovery responses in compliance with the
2    Court's November 19, 2006 order (#31) prior to the filing of Plaintiffs' Supplemental Motion for
3    Sanctions (#47) on May 23, 2006.  Since the filing of that motion, however, Defendant has paid the
4    monetary sanction and has provided discovery responses as ordered by this Court.
5    	Plaintiffs' instant Motion also seeks an order requiring the Defendant Clark County School
6    District to provide a "verified" response to the Special Master Recommendation and District Court
7    Order, filed in the Nevada District Court on January 27, 2004.  That Recommendation and Order
8    directed that Defendant Clark County School District provide the information regarding repairs and
9    testing of the subject property requested in Plaintiffs' counsel's January 19, 2005 letter.  Defendant's
10   counsel did not respond to Plaintiffs' counsel's letter as directed until January 23, 2006.  Plaintiffs do
11   not dispute the substance of Defendant's counsel's January 23, 2006 response letter, but request that it
12   be "verified" in some manner by the Clark County School District.  The Court recommended and the
13   parties agreed that this issue can be resolved through a written stipulation by the parties that the January
14   23, 2006 letter represents the response of the Defendant and not merely the position of its counsel.
15   	The principal issue raised by Plaintiffs' Supplemental Motion (#47) is their request that
16   Defendant Clark County School District be severely sanctioned for the alleged spoliation of evidence.
17   Plaintiffs also seek the recovery of attorney's fees and costs in the amount of $2,400.00 incurred by
18   them in the filing and prosecution of their Motion.  Plaintiffs filed this action in Nevada District Court
19   on May 9, 2003.  Shortly after this action was filed, Defendant allegedly made alterations to the
20   building that is the subject matter of this lawsuit and also performed certain testing regarding emissions
21   or other matters which are relevant to this litigation, without providing Plaintiffs with prior notice.  In
22   August 2004, Plaintiffs filed a motion in the Nevada District Court for an order compelling Defendants
23   to provide Plaintiffs with prior notice of any and all testing or repairs being performed at the Advanced
24   Technologies Academy and that Plaintiffs be allowed to be present during the performance of any
25   repairs or testing.  *See Plaintiffs' Motion* (#47), Exhibit "D."   Reportedly, the Nevada District Court
26   Judge denied Plaintiffs' motion, but referred the matter to the Special Master, Floyd Hale, to make an
27   appropriate recommendation or order regarding prior notification of testing or repairs and affording the
28   Plaintiffs the opportunity to be present.  Although the Court has not been provided with a written order

1  entered by the Special Master or state court judge, counsel for the parties agree that Special Master Hale
2  directed that Defendant provide Plaintiffs with 10 days' prior notice regarding repairs or testing.
3  Defendant's counsel represents, however, that such notification did not apply to the performance of
4  routine maintenance.

5  In its January 23, 2006 response, Exhibit "F" to Plaintiffs' Motion (#47), Defendant's counsel
6  provided information regarding certain repairs or testing that had been conducted prior to the date of the
7  response letter.  Defendant also reportedly disclosed additional repairs or testing in its responses to
8  request for production or answers to interrogatories.  Plaintiffs further allege that through discovery
9  documents, they have discovered additional instances in which Defendant either made repairs or
10 conducted testing without providing prior notice to Plaintiffs.  It appears that many, if not most of these
11 repairs, tests or inspections were performed prior to the filing of Plaintiffs' motion in August 2004
12 requesting prior notification and prior to the Special Master's order that such notice be provided.
13 Plaintiffs contend that they have only received prior notice of repairs or testing on one occasion.
14 Plaintiffs contend that as recently as April 24-28, 2006, Defendant performed work on the roof of the
15 Advanced Technologies Academy, without affording any prior notice to Plaintiffs.  Defendant responds
16 that this work consisted merely of washing the roof and applying a sealer and did not constitute repairs
17 or relevant alterations to the property for which Plaintiffs were entitled to advanced notification.
18 Defendant's counsel also states that he was not notified of this work prior to its occurrence and,
19 therefore, did not have the opportunity to inform Plaintiffs' counsel about it.

20                                      **DISCUSSION**

21  Plaintiffs argue that because Defendant has made repairs or alterations to the Advanced
22 Technologies Academy building and conducted tests without providing Plaintiffs with advanced
23 notification thereof, severe sanctions should be imposed by the Court, including striking Defendant's
24 answer and/or excluding its evidence.  In support of its Motion, Plaintiffs argue that Fed.R.Civ. 37(b)
25 authorizes the Court to sanction a party for the destruction of evidence even where there is no court
26 order in place requiring evidence to be preserved or establishing rules for the conduct of repairs,
27 inspections or testing.  In support of this argument, Plaintiffs cite *GNLV Corp. d/b/a The Golden*
28 *Nugget Hotel & Casino v. Service Control Corp. d/b/a Western Linen Service*, 111 Nev. 866, 869, 900

1  P.2d 323, 325 (1995).

2  As to Plaintiffs' second point – that sanctions may be imposed under Rule 37(b) even when no court order has been violated – *Unigard Security Insurance Co. v. Lakewood Engineering & Manuf. Corp.*, 982 F.2d 363, 368 (9th Cir. 1992), is to the contrary. In *Unigard*, the court held that sanctions cannot be imposed pursuant to Rule 37(b) absent the violation of a court order. The court noted that the definition of "order" under Rule 37 is broadly construed and may include violation of an oral order made by the court so long as the party charged with the violation received unequivocal notice that the court has directed that certain discovery be produced.

*Unigard* also held, however, that courts are vested with inherent powers that are "governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id., citing Chambers v. NASCO Inc.,* 501 U.S. 32, —, 111 S.Ct. 1386, 1388-89, 8 L.Ed.734 (1962). Under its inherent powers, the court has "broad discretion to make discovery and evidentiary rulings conducive to the conduct of a fair and orderly trial. Within this discretion lies the power ... to exclude testimony of witnesses whose use at trial ... would unfairly prejudice an opposing party." *Id., quoting Campbell Indus. v. M/V Gemini*, 619 F.2d 24, 27 (9th Cir. 1980).

*Unigard* involved circumstances substantially similar to those in *Fire Ins. Exchange v. Zenith Radio Corp.*, 103 Nev. 648, 651, 747 P.2d 911, 914 (1987), cited by Plaintiffs. In both cases, insurance companies obtained expert opinions that the destruction of the insureds' property was caused by a defective product. Prior to initiating a subrogation action against the product manufacturers, the insurers disposed of the remains of the products that allegedly caused the fires. The defendant manufacturers were thereby prevented from having their own fire cause and origin experts inspect the suspect products to rebut the opinions of the insurers' experts. Under these circumstances, the Ninth Circuit in *Unigard* and the Nevada Supreme Court in *Fire Exchange v. Zenith Radio Corp.* held that the defendant product manufacturers were unfairly prejudiced and the testimony of the insurance company experts should be excluded.

*Unigard* noted that Supreme Court decisions can be read to preclude a court's inherent power to sanction a party in the absence of bad faith. The court held, however, that the court has the inherent

power to impose certain sanctions, such as excluding witness testimony, for a party's willful misconduct or fault which causes unfair prejudice to the opponent. In *Advantacare Health Partners v. Access IV*, Not Reported in F.Supp.2d, 2004 WL 1837997 (N.D. Cal. 2004), the court, discussing *Unigard* and other Ninth Circuit and Supreme Court precedents, stated that courts may sanction a party for spoliation of evidence in four ways. First, the court may enter a default judgment against the party responsible for destroying evidence. Second, the court may instruct the jury that it may draw an inference adverse to the party responsible for destroying evidence. Third, the court may issue civil contempt sanctions which coerce a party into compliance and/or compensate the plaintiff for the violation. Finally, the court may assess attorney's fees.

Because of their potency, the court's inherent powers must be exercised with restraint and discretion, and the court should exercise its discretion to fashion a sanction appropriate for the specific conduct abusive of the judicial process. *Advantacare Health Partners, supra.* The court further stated:

> When choosing among possible sanctions, the Court should consider a sanction designed to: (1) penalize those whose conduct may be deemed to warrant such a sanction; (2) deter parties from engaging in the sanctioned conduct; (3) place the risk of an erroneous judgment on the party who wrongfully created the risk; and (4) restore the prejudiced party to the same position he would have been in absent the wrongful destruction of evidence by the opposing party. *Nat'l Hockey League v. Metro Hockey Club, Inc.*, 427 U.S. 639, 643, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976); *Wyle v. R.J. Reynolds Indus., Inc.* 709 F.2d 585, 589 (9th Cir. 1983); *West v. Goodyear Tire and Rubber Co.,* 167 F.3d 776, 779 (2d. Cir. 1999).

Although a party's destruction of evidence need not be in bad faith in order for the court to impose sanctions, the party's motive or degree of willfulness or fault is relevant to the severity of the sanction to be imposed. *Advantacare Health Partners, supra*, *citing Glover v. BIC Corp.,* 6 F.3d 1318, 1329 (9th Cir. 1993); *Akonia v. United States,* 938 F.2d 158, 161 (9th Cir. 1991), *cert. denied* 503 U.S. 962, 112 S.Ct. 1567, 118 L.Ed.2d 212 (1992); *Baliotis v. McNeil*, 870 F.Supp. 1285, 1291 (M.D.Pa. 1994). Generally, the court should choose the least onerous sanction corresponding to the willfulness of the destructive act and the prejudice suffered by the victim. *Id.*

Although not binding on this Court, the Nevada Supreme Court's decisions regarding the imposition of sanctions for a party's destruction of relevant evidence generally apply the same standards as the federal courts for the imposition of sanctions against the offending party. *See Stubli v. Big D*

1  *International Trucks, Inc.*, 810 P.2d 785, 107 Nev. 309 (1991), in which the court held that the court
2  should consider the following factors: (1) the degree of willfulness of the offending party; (2) the extent
3  to which the non-offending party would be prejudiced by a lesser sanction; (3) the severity of the
4  sanction of dismissal relative to the severity of the discovery abuse; (4) whether any evidence has been
5  irreparably lost; (5) the policy favoring adjudication on the merits; (6) whether sanctions unfairly
6  operate to penalize a party for the misconduct of his or her attorney; and (7) the need to deter both the
7  parties and future litigants from similar abuses.
8       In *Unigard, Fire Ins. Exchange v. Zenith,* and *Stubli*, the evidence demonstrated that the
9  plaintiffs willfully or recklessly destroyed or disposed of key physical evidence critical to proof of
10 liability and causation.  In each of those cases, the plaintiffs knew or should have known of the
11 relevancy of the destroyed evidence and were under an obligation to preserve it for inspection by the
12 defendants and their experts.  In each of those cases, the movants also provided affidavits by their
13 respective expert witnesses that the destruction of the evidence prevented them from examining the
14 evidence and preparing opinions that could have potentially rebutted the opinions of the plaintiffs'
15 experts.  The courts, therefore, had no difficulty in excluding plaintiffs' expert witnesses because of the
16 unfair prejudice that resulted.  Although the sanctions did not directly dismiss plaintiffs' lawsuits, the
17 net result was the same because plaintiffs were unable to prove their cases without the expert testimony.
18      In this case, Plaintiffs assert that after the commencement of the lawsuit, but before any
19 discovery order was entered, Defendant made certain repairs to the subject building and performed
20 certain tests for the presence of noxious gasses, without affording Plaintiffs any opportunity to inspect
21 the property prior to the repairs or to be present during the testing.  Even assuming these allegations are
22 true, Plaintiffs have failed to demonstrate whether or how they have been prejudiced by these repairs or
23 testing.  Plaintiffs have not provided the Court with any affidavits by their experts, deposition testimony
24 or other evidence that Defendant's repairs or alterations to the building have prevented Plaintiffs or
25 their experts from preparing or proving their case.  Nor have Plaintiffs provided any expert opinion
26 testimony that the testing conducted by Defendant's experts or agents cannot be independently
27 examined, rebutted or verified by Plaintiffs' own experts.  Nor have Plaintiffs demonstrated that they
28 were deprived of the opportunity to conduct inspections or perform tests under circumstances

substantially similar to those under which Defendant's experts or agents have conducted testing. Finally, Plaintiffs have failed to provide the Court with specific evidence of the order or directive entered by the Special Master in this case establishing ground rules for providing advance notice regarding the making of repairs or conducting tests. Although both parties agree that the Special Master has issued such an order or directive, Defendant contends that it has complied with those directives.

The Court agrees with Plaintiffs that if Defendant has made material repairs or alterations to the subject building since the commencement of this litigation, without providing prior notice to Plaintiffs, and which prejudice Plaintiffs' ability to prepare and prove their case, then imposition of sanctions may be appropriate. Additionally, if Defendant has performed tests without prior notice, that cannot be replicated or independently verified by Plaintiffs, then imposition of sanctions may also be appropriate. Plaintiffs have failed, however, to meet their burden to demonstrate that Defendant has destroyed evidence or engaged in discovery misconduct which has materially prejudiced the Plaintiffs in preparing and proving their case. In the absence of an adequate record, the Court cannot find that the severe sanction of striking Defendant's answer and entering its default in this case is warranted. Nor have Plaintiffs provided an adequate factual basis for the Court to determine whether an adverse instruction should be given against Defendant in regard to certain evidentiary issues, whether testimony by Defendant's experts or agents should be precluded or whether other sanctions should properly be entered. In sum, in the absence of a sufficient record, Plaintiffs' motion for sanctions is premature and without merit.

Prior to the filing of the instant motion, Plaintiffs' counsel did not comply with the requirements of Rule 37 (a)(4) and LR 26-7, that he attempt in good faith to meet and confer with opposing counsel in an effort to resolve the discovery dispute without the necessity of court action. *Shuffle Master, Inc. v. Progressive Games, Inc.*, 170 F.R.D. 166, 170 (D. Nev. 1996). *Shuffle Master* requires that the movant's counsel attempt to meet in person or by telephone with the opposing counsel to resolve the discovery dispute. A movant's failure to comply with these requirements generally precludes an award of fees and costs pursuant to Rule 37. Additionally, it does not appear that this matter would have been resolved without court action by Defendant's payment of the previously imposed sanctions or by providing written discovery responses in compliance with the Court's previous order. As stated above,

the primary focus of Plaintiffs' Motion is their request for severe sanctions for the alleged spoliation of evidence. The Court has concluded, however, that Plaintiffs have failed to make the necessary showing for the imposition of sanctions for the destruction of evidence. The Court, therefore, will not award Plaintiffs fees and costs on the Motion. Accordingly,

**IT IS HEREBY RECOMMENDED** that Plaintiffs' Supplemental Motion for Sanctions Pursuant to Magistrate Judge Foley's Order of November 15, 2005, and for Sanctions for Spoliation of Evidence (#47) be **DENIED**, without prejudice, in regard to Plaintiffs' request that severe sanctions be imposed on Defendant for destruction or spoliation of evidence.

**IT IS HEREBY ORDERED** that Plaintiffs' Supplemental Motion for Sanctions Pursuant to Magistrate Judge Foley's Order of November 15, 2005, and for Sanctions for Spoliation of Evidence (#47) is **DENIED** in regard to Plaintiffs' request for an award of attorney's fees and costs.

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within ten (10) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 18th day of July, 2006.

_____
GEORGE FOLEY, JR.
U.S. MAGISTRATE JUDGE