# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| CAROLINE SANCHEZ, *et al.*, | 2:05-cv-00158-RCJ-GWF |
|             Plaintiffs, | |
| vs. | **ORDER** |
| M&H ENTERPRISES, INC., a Nevada Corporation, d/b/a MARTIN HARRIS CONSTRUCTION; CLARK COUNTY SCHOOL DISTRICT, | |
|             Defendants. | |

Before the Court is Defendants Clark County, Michael Kinnaird, and Carlos A. Garcia's ("Clark County Defendants") Motion for Summary Judgment (#114). The Motion seeks judgment on all claims contained in the Second Amended Complaint. All other defendants join in the Motion for Summary Judgment. The Court has considered the pleadings of all parties in this case. IT IS HEREBY ORDERED that the Motion for Summary Judgment is *granted in part.*

## BACKGROUND

Plaintiffs are current and former students and employees of Advanced Technology Academy, ("A-Tech") a magnet high school in the Clark County School District ("CCSD"). Plaintiffs allegedly suffered personal injuries as a result of exposure to unknown gasses, whose presence was marked by unpleasant odors that sporadically entered the campus and individual classrooms beginning when

the school opened in 1994. Plaintiffs claim the incidents increased in frequency and potency after a new wing opened in 2002.

Since 1994, a foul odor seeped into an adjacent hallway from the teachers lounge. The smell was consistently described as sewer-like and occurred infrequently and was generally short lived. After a wing was built adjacent to the main A-Tech building in 2002, a similar sewer-like odor was noticed in the new wing. This odor however, surpassed the previous odor in both intensity and frequency. Some Plaintiffs also smelled a separate "chemical" odor.

Plaintiffs allege that the smells were toxic gasses which caused several building occupants to have health issues including headaches, fatigue, nausea, burning eyes, dizziness, and nose and throat irritations. Plaintiffs sued Clark County School District ("CCSD"), former A-Tech Principal Michael Kinnaird, and former Superintendent of Schools Carlos Garcia (collectively "CCSD Defendants"). Defendants claim that although the smells were noticeable they were simply obnoxious odors, not toxic gasses.

Plaintiffs reported the odors several times to school administrators. The administrator's response ranged from taking no action to placing conspicuous notices throughout the school to moving the students and teachers out of their classrooms and into makeshift classrooms in other parts of the school. At various times air quality and mold tests were performed throughout the school.

The first air quality tests revealed a high amount of carbon dioxide; however, none of the tests found any harmful substance present in the air. All of the tests were performed by the Defendants. Plaintiffs relied on the tests performed by the Defendants, but did not perform any subsequent tests to determine whether toxic gasses existed before the close of discovery. Furthermore, no physician who has examined any of the Plaintiffs has attributed or otherwise linked the Plaintiffs complaints to exposure of any toxin, at A-Tech or elsewhere.

In addition to the above Defendants, Plaintiffs sued M&H Enterprises Inc., d/b/a Martin-Harris Construction ("M&H"), the general contractor for the 2002 wing. Subsequently, M&H filed a Third-Party Complaint against the 2002 wing's architect, Kitrell Garlock & Associates and against M&H's HVAC Contractor, Pahor Mechanical Contractors, Inc.

Defendants moved for Summary Judgment on all claims in the case. The issues before the Court are whether Plaintiffs' constitutional rights were violated (28 U.S.C. §1983 claim), if the unpleasant odors caused the alleged harm, and whether Plaintiffs' contract claims should be heard if the employee contract had an arbitration clause.

## DISCUSSION

**I.      Standard of Review for Summary Judgment**

The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the material facts before the court. *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). The moving party is entitled to summary judgment as a matter of law where, viewing the evidence and the inferences arising therefrom in favor of the nonmovant, there are no genuine issues of material fact in dispute. Fed. R. Civ. P. 56©; *Bagdadi v. Nazar*, 84 F.3d 1194, 1197 (9th Cir. 1996). Where reasonable minds could differ on the material facts at issue, summary judgment is not appropriate. *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995).

The moving party bears the burden of informing the court of the basis for its motion, together with evidence demonstrating the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, (1986). Once the moving party has met its burden, the party opposing the motion may not rest upon the mere allegations or denials of his pleadings but must set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby Inc.,* 477 U.S. 242, 248 (1986).

In evaluating the appropriateness of summary judgment, three steps are necessary: (1) determining whether a fact is material; (2) determining whether there is a genuine issue for the trier of fact, as determined by the documents submitted to the court; and (3) considering that evidence in light of the appropriate standard of proof. *Id*. As to materiality, only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes which are irrelevant or unnecessary will not be considered. *Id*. Where there is a complete failure of proof concerning an essential element of the nonmoving party's case, all other facts are rendered immaterial, and the moving party is entitled to judgment as a matter of law. *Celotex*, 477 U.S. at 323. Summary judgment is not a disfavored procedural shortcut, but an integral part of the federal rules as a whole. *Id*.

## II.     Plaintiffs' Federal Claim

Plaintiffs' eleventh claim for relief is entitled "42 U.S.C. § 1983 Violation of Civil Rights." Section 1983 creates a federal cause of action for plaintiffs whose federally guaranteed rights are violated under color of state law.

Plaintiffs allege that the School District Defendants acted under color of state law and deprived Plaintiffs of rights secured by the Constitution or the laws of the United States. Plaintiffs fail to identify what federal rights were violated. Plaintiffs do not claim to be part of a separate class, or that they were treated differently by the School District Defendants. Nor do Plaintiffs allege that their property rights were violated. The primary basis of Plaintiffs' federal claim are their state tort law claims.

State tort law claims alone cannot be the basis of a claim under Section 1983. In *Baker v. McCuollan,* the United States Supreme Court held that Section 1983 imposes liability for violations of federal rights, not for violations of duties of care arising out of tort law. *Baker v. McCuollan,* 443

1 U.S. 137, 146, 99 S. Ct. 2689, 2695-96 (1979). Plaintiffs cannot maintain a civil rights claim under

2 Section 1983 if there was no violation of a federally guaranteed right.

3      Plaintiffs allege that Defendants violated their Fourteenth Amendment right to liberty by

4 placing them in a known danger with deliberate indifference to their personal, physical safety.

5 Generally, a state's failure to protect an individual from danger does not constitute a violation of due

6 process, with two exceptions: (1) when the state action affirmatively places the individual in a

7 dangerous situation (the state created danger exception), or (2) if a "special relationship" exists

8 between the state and individual. *Johnson v. City of Seattle*, 474 F.3d 634, 639 (9th Cir. 2007). No

9 special relationship existed here, so the Court turns to the state created danger exception.

10      To prevail under the state-created danger exception, a plaintiff must show that the state action

11 created or exposed the individual to danger which he or she would not otherwise face. *Id.*; *see also*

12 *Kennedy v. City of Ridgefield*, 439 F.3d 1055, 1061 (9th Cir. 2006). In such determinations, the state

13 must show a deliberate indifference to a known danger, or so obvious as to imply knowledge of

14 danger. *L.W. v. Grubbs,* 92 F.3d 894, 900 (9th Cir. 1996).

15      In *Kennedy,* the Ninth Circuit upheld the state-created danger exception. In that case, a

16 woman filed a police complaint against a neighbor. Without the complainant's knowledge, Police

17 notified her neighbor that she had filed a police complaint against. In addition police informed the

18 woman that they would patrol the area. After police notified the neighbor, he entered the woman's

19 house, killing her and her husband. *Kennedy*, 439 F.3d at 1067. The Ninth Circuit held that the

20 combination of the officer not informing the woman before the neighbor was contacted, and

21 afterwards telling her that he would patrol the area around her home qualified as a state-created

22 danger. The state-created danger exception applied because the officer's actions "enhanced her [the

23 woman's] vulnerability to attack by misrepresenting to her the risks." *Id.* citing *Grubbs,* 974 F.2d

24 at 121.

25      Page 5 of 7

1  In the matter before the Court, no state actor took any action to enhance the vulnerability of
2  the plaintiffs. First, there is no evidence that any state actor knew of a potential danger to any
3  Plaintiff. Second, the actions of the School District Defendants did not enhance the Plaintiffs'
4  vulnerability to the odor.

5  The Plaintiffs claim state officials failed to act after multiple complaints were submitted to
6  them regarding the air quality at A-Tech. Failure to act is not sufficient to bring a claim under the
7  state-created danger exception. *Kennedy,* 439 F.3d at 1061. Exposing students and teachers to the
8  odor, despite their complaints, is insufficient because there is no evidence that officials were aware
9  of any danger or risk. *See Grubbs* 92 F.3d at 900 (plaintiff must demonstrate an unusually serious
10 risk of harm and defendant's actual knowledge of, or willful blindness to, that risk). The only
11 evidence submitted to show that Defendants knew of the danger are affidavits and an article that
12 appeared in a local magazine with a quote from Ms. Oler, A-Tech's current principal. (# 138-1).[1]

13 The Plaintiffs' evidence demonstrates a knowledge of a bad odor at the school. The evidence
14 does not prove the state officials had knowledge that the odors posed a serious risk or harm. Without
15 proof of the state officials' knowledge of the danger, the officials could not affirmatively place the
16 Plaintiffs in a dangerous situation. Without an affirmative action by a state official, the basic
17 premise of the state-created danger doctrine is not met. Summary judgment is appropriate on
18 Plaintiffs' federal claim.

## CONCLUSION

20 Pursuant to the above analysis, IT IS HEREBY ORDERED that Defendants' Motion for
21 Summary Judgment (#114) is *granted in part;* summary judgment is granted on Plaintiffs' federal

---

[1] The Affidavit of James Michael Fox states that Mr. Kinnard, a principal at A-Tech, admitted on the news that a problem existed at A-Tech. (Document 138-2). The same affidavit also mentioned a letter CCSD sent to the students' parents addressing the situation, the letter is also quoted in the news article.

1  claim.  The federal claim[2] fails because no affirmative action was taken by the state to place
2  Plaintiffs in danger.  This case was originally removed to this Court under federal question
3  jurisdiction; since no federal question remains the case is remanded to state court for further
4  proceedings.  With the matter remanded to state court, M & H Enterprises' Motion for Summary
5  Judgment (#183) and Kittrell Garlock and Associates, Architects, Ltd.'s Motion for Summary
6  Judgment (#191) are dismissed as moot.

7  DATED this 19th day of February, 2008.

_____
ROBERT C. JONES
UNITED STATES DISTRICT JUDGE

(mr)

---

[2] 28 U.S.C. § 1983, Violation of Civil Rights (#11)